IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ADVANCED OBSTETRICS & GYNECOLOGY, P.C.,
a Mississippi Corporation, on behalf of itself,
and on behalf of a class of similarly situated
individuals,                                                                                    PLAINTIFF

V.                                                             CIVIL ACTION NO. 3:18-cv-00197-NBB-JMV

IQVIA, INC.,                                                                                    DEFENDANT

**MEMORANDUM OPINION**

Presently before the court is Defendant IQVIA, Inc.'s motion to dismiss for failure to state a claim. Upon due consideration of the motion, response and complaint, the court is ready to rule.

Factual and Procedural Background

On September 13, 2018, Plaintiff Advanced Obstetrics & Gynecology, P.C. filed its class action complaint alleging Defendant IQVIA violated the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 221, as amended by the Junk Fax Prevention Act of 2005, by sending an "unsolicited advertisement" via facsimile ("fax") without certain "opt-out" language[1] required by the Act, to Plaintiff and other putative class members. *See* 47 U.S.C. § 227. On April 2, 2019, Plaintiff filed its Second Amended Complaint[2] with the court's permission to include

---

[1] Section 2(c) of the Junk Fax Prevention Act adds language to the TCPA that requires senders to include a notice on the first page of the unsolicited advertisement that instructs the recipient how to request that they not receive future unsolicited facsimile advertisements from the sender. *Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991; Junk Fax Prevention Act of 2005*, 71 Fed. Reg. 25967–01 (May 3, 2006).

[2] The complaint was first amended to reflect that the proper name for Defendant is IQVIA, Inc., and not Quintiles Transnational Holdings, Inc., as Plaintiff initially alleged.

additional factual allegations. IQVIA now moves pursuant to Fed. R. Civ. P. 12(b)(6) for dismissal of the Second Amended Complaint for failure to state a claim.

The fax at issue was sent on June 30, 2017, addressed to Dr. William Frohn, inviting him to participate in an online research study. The fax is one-page and is divided into three sections. The first section of the fax identifies Dr. Frohn by his name and reference number and invites him to "join a select group of healthcare professionals reporting for our online study." The second section lists an honorarium available upon participation in the study. The third section includes a fill-in-the-blank form with blank lines for Dr. Frohn's business and medical practice information, including his "primary specialty." Additionally, the fax directs where to send the completed application (via fax) and how to request more information (via email or phone).

Plaintiff's complaint alleges that the fax was sent as part of a scheme to collect Plaintiff's data to later be repackaged and sold to IQVIA's clients. Plaintiff alleges the surveys IQVIA sent were pretextual with financial profit as their purpose, and the data collected was to be sold via IQVIA's healthcare consulting services. In addition, the complaint alleges the fax advertised incentives (brand name items and gift cards that can be exchanged for "award points") to participate in pharmaceutical marketing programs, therefore attempting to induce Plaintiff into a commercial relationship. Finally, Plaintiff alleges the fax was explicitly commercial, as its purpose was to solicit recipient's participation in a commercialized data collection plan.

<u>Standard of Review</u>

A complaint must contain a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a plaintiff to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A motion to

dismiss for failure to state a claim tests both the legal and factual sufficiency of a plaintiff's complaint. *Id*. at 679. Though motions to dismiss are "viewed with disfavor and [are] rarely granted," the burden rests on the plaintiff to prove his claim should go forward. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 497 (5th Cir. 2000).

To meet his burden, a plaintiff cannot rest merely on "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, a plaintiff must demonstrate that facts pleaded allow the court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 556. In deciding whether a plaintiff has met her burden, the court "must accept as true all of the allegations contained in the complaint," except for those allegations which are mere legal conclusions. *Ashcroft*, 556 U.S. at 678. Moreover, the court views all well-pleaded facts in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). Ultimately, a plaintiff's complaint must "nudge his claims . . . across the line from conceivable to plausible." *Id*. at 680 (citing *Twombly*, 550 U.S. at 547).

<u>Analysis</u>

In moving to dismiss, IQVIA argues that the fax inviting Dr. Frohn to participate in an online research study "is not an 'advertisement' within the meaning of the TCPA because it does not advertise 'the commercial availability or quality of any property, goods, or services.'" *See* 47 U.S.C. § 227(a)(5). Further, IQVIA contends "this fact is evident from the face of the fax," and the additional allegations pled in the Second Amended Complaint "purporting to describe IQVIA's business activities cannot change the content of the fax or cure the substantive defect necessitating dismissal." In addition, Defendant argues the additional allegations pled in the

3

Second Amended Complaint are "unsupported legal conclusions and legally irrelevant allegations that future economic benefits might someday flow from the informational fax."

As amended by the Junk Fax Protection Act of 2005, the Telephone Consumer Protection Act prohibits any person from using a fax machine to send "an unsolicited advertisement," unless certain statutory requirements are met. 47 U.S.C. §227(b)(1)(C). An unsolicited advertisement is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(5). To clarify the amendments, the Federal Communications Commission (FCC) promulgated rules and regulations which in pertinent part state, "the Commission concludes that any surveys that serve as a pretext to an advertisement are subject to the TCPA's facsimile advertising rules." *Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*; *Junk Fax Prevention Act of 2005*, 71 Fed. Reg. 25967–01 (May 3, 2006).

Plaintiff asks the court to follow *Mussat v. IQVIA Inc.*, a factually similar case which survived a 12(b)(6) motion in the Northern District of Illinois. In the *Mussat* opinion denying defendant's 12(b)(6) motion, the court stated, "Mussat's complaint plausibly alleged facts suggesting that the fax – although not an overt sales pitch – furthered the Defendant's commercial efforts or advanced its marketing operations . . . ." *Mussat v. IQVIA Inc.*; Civil Action No: 1:17-CV-08841, at *2 (N.D. Ill. June 6, 2018). The court reasoned the fax was a request to participate in a study that allows IQVIA to collect information that they then "package and sell for commercial benefit." *Id*. The *Mussat* court determined this fell within the definition of "any material advertising the commercial availability or quality of any property, goods, or services…" 47 U.S.C. 227(a)(5).

The *Mussat* court also found the fax "analogous to the FCC regulations specifically concluding 'any surveys that serve as a pretext to an advertisement are subject to the TCPA's facsimile rules.'" *Mussat v. IQVIA, Inc.,* at *5. The court added, the allegations of "a point and reward system that allegedly sell[s] products and services offered by IQVIA directly to participants of the index – supports the assertion of pretext." *Id*. Further, the *Mussat* court followed a previous decision involving the same plaintiff and almost identical facts. See *Mussat v. Enclarity, Inc.,* 2018 WL 1156200, at *3 (N.D. Ill. March 5, 2018). Both courts agreed, "the TCPA does not require the fax recipient be the direct buyer of the goods or services promoted in the fax." *Mussat v. IQVIA, Inc.,* at *5. Moreover, the earlier *Mussat* case before the same court stated, "At the motion to dismiss stage, plausible allegations that the fax was used to further defendant's commercial efforts or advance its marketing operations may suffice to state a claim that the fax was a pretext to an advertisement." *Mussat v. Enclarity, Inc.*, at *3.

Defendant directs the court to a Third Circuit opinion that it asserts is compelling persuasive authority. In *Robert Mauthe, M.D., P.C., v. Optum Inc.*,[3] defendants maintained a national healthcare database similar to IQVIA's. Defendants sent unsolicited faxes to healthcare providers to keep "provider's contact information, demographics, specialties, education and related data up to date." *Id* at 1. The *Mauthe* court stated,

> to establish third-party liability under the TCPA a plaintiff must show that the fax: (1) sought to promote or enhance the quality or quantity of a product or services being sold commercially; (2) was reasonably calculated to increase the profits of the sender; and (3) directly or indirectly encouraged the recipient to influence the purchasing decisions of a party.

*Id.* at 8.

---

[3] *Robert Mauthe, M.D., P.C., v. Optum Inc*. No. 18-2894, 2019 WL 2262706 *4 (3d Cir. May 28, 2019).

The *Mauthe* court held for a TCPA violation there must be a "nexus between the sending of the fax and the sender's product or services and the buyer's decision to purchase the product or services. . . ." *Id*. at 10. Moreover, the fax must "promote the sale of any products or services, or seek to influence the purchasing decisions of a potential buyer." *Id*. For example, the court says a fax promoting a drug to a healthcare provider who later pitches the drug to patients constitutes an unsolicited advertisement. *Id.* at 6, 7.

The case sub judice is distinguishable from the *Mauthe* case for several reasons. First, the *Mauthe* court granted, and the Third Circuit Court of Appeals affirmed, a summary judgment motion brought by defendant. The case at hand is under review pursuant to Rule 12(b)(6) which presents a lower threshold for the plaintiff than summary judgment. At the 12(b)(6) stage, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, the *Mauthe* fax stated, "there is no cost to you to participate in this data maintenance initiative. This is not an attempt to sell you anything." *Id*. at *5. However, in the present case, the fax sent by IQVIA contained no similar provisions and, in fact, offered an honorarium consisting of name brand awards for participation in the survey. Further, at the 12(b)(6) stage, it is unclear whether the fill-in-the-blank bottom portion of IQVIA's fax was intended to collect defendant's information as pretext for future solicitation.

Since no cases exist on point in the Fifth Circuit, this court chooses to follow the Sixth Circuit. In *Matthew N. Fulton, D.D.S., P.C. v. Enclarity, Inc.*,[4] the Sixth Circuit Court of Appeals reversed and remanded the granting of a 12(b)(6) motion. The plaintiffs in *Fulton* alleged they received a fax "containing an unsolicited advertisement that failed to include the requisite opt-

---

[4] *Matthew N. Fulton, D.D.S., P.C. v. Enclarity, Inc.*, 907 F.3d 948 (6th Cir. 2018).

out provision in violation of the Telephone Consumer Protection Act (TCPA)." *Fulton*, 907 F.3d at 949.

In *Fulton*, the appeals court stated that the district court incorrectly interpreted *Sandusky Wellness Ctr., LLC v. Medco Health Solutions, Inc.*, a widely-cited Third Circuit opinion "affirm[ing] the district court's decision that faxes from a pharmacy benefit manager to a health care provider were not 'unsolicited advertisements' under the TCPA." *Mussat*, WL 1156200 at *5 (citing *Sandusky*, 788 F.3d at 218). The *Fulton* district court construed *Sandusky* to require the commercial nature of the fax to be evident on its face and "'propose a commercial exchange between the sender and the recipient' to trigger TCPA coverage." *Fulton,* 907 F.3d at 952. First noting that *Sandusky* was under review at the summary judgment stage, as opposed to 12(b)(6), the *Fulton* court stated *Sandusky* stands for the idea that ''ancillary, remote, and hypothetical economic benefit[s] later on [do] not convert a noncommercial, informational communication into a commercial solicitation.'' *Id*. However, *Sandusky* does not stand for the proposition that the court must look only to the face of the fax when evaluating a TCPA claim. *Id*. Instead, *Sandusky* "went beyond the faces of the two faxes" for "proof of financial benefit to Medco." *Id*.

*Sandusky* also endorsed the theory of pretext and acknowledged a fax does not have to offer any product or service for sale to be an advertisement. *Sandusky Wellness Ctr., LLC v. Medco Health Solutions, Inc.* 788 F.3d 218 at 225 (6th Cir. 2015). For example, fax invitations to free seminars can be a pretext to an advertisement. *Id.* at 222. Further, *Sandusky* noted, "the 'best ads' are sometimes not 'so overt'" and concluded "TCPA coverage is accorded where the fax is 'an indirect commercial solicitation, or pretext for' such a solicitation." *Id.* at 225. In addition, the faxes in *Sandusky* were found to be "purely informational" and "'not sent with hopes to make a profit, directly or indirectly, from [the plaintiff] or others similarly situated.'" *Id*. at 222.

With this guidance, this court finds that the allegations in Plaintiff's complaint plausibly state a claim for a TCPA violation for allegedly sending an unsolicited advertisement via fax. As in *Sandusky*, questions of pretext and financial benefit to the defendant must be addressed before the court may conclude the fax was sent for a purely informational purpose. Such an examination is not appropriate at the 12(b)(6) stage of litigation.

Conclusion

For the foregoing reasons, the court finds that the defendants' motion to dismiss the Second Amended Complaint is not well-taken and should be denied. A separate order in accord with this opinion shall issue this day.

This, the 14th day of June, 2019.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE